# EXHIBIT C

Case 1:07-cv-08002-SHS   Document 17-4   Filed 02/22/2008   Page 2 of 9

# Manual of PATENT EXAMINING PROCEDURE

Original Eighth Edition, August 2001
Latest Revision September 2007



U.S. DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

Rev. 6, Sept. 2007

The U.S. Patent and Trademark Office does not handle the sale of the Manual, distribution of notices and revisions, or change of address of those on the subscription list. Correspondence relating to existing subscriptions should be sent to the Superintendent of Documents at the following address:

| | |
|---|---|
| Superintendent of Documents<br>Mail List Section<br>Washington, DC 20402 | Telephone:   202-512-2267 |

Inquiries relating to purchasing the Manual should be directed to:

| | |
|---|---|
| Superintendent of Documents<br>United States Government Printing Office<br>Washington, DC 20402 | Telephone:   202-512-1800 |

Orders for reproduced copies of individual replacement pages or of previous revisions of the Manual should be sent to the following address:

| | |
|---|---|
| Mail Stop Document Services<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | Telephone:   1-800-972-6382 or 571-272-3150 |

Previous editions and revisions of the Manual are available on microfilm in the Patent Search Room.
The Manual is available on CD-ROM and on diskette from:

| | |
|---|---|
| U.S. Patent and Trademark Office<br>Office of Electronic Information Products<br>MDW 4C18, P.O. Box 1450<br>Alexandria, VA 22313-1450 | Telephone:   571-272-5600 |

Employees of the U.S. Patent and Trademark Office should direct their requests for the Manual, replacement pages, notices, and revisions to the Office of Patent Training.                                                                                              Telephone:   571-272-7222

Pursuant to the Patent and Trademark Office Efficiency Act (PTOEA) (Pub. L. 106-113, 113 Stat. 1501A-572), the head of the United States Patent and Trademark Office (USPTO) is the "Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office." The Director is assisted by the "Deputy Under Secretary of Commerce for Intellectual Property and Deputy Director of the United States Patent and Trademark Office." The patent operations of the USPTO are now headed by the "Commissioner for Patents." The trademark operations of the USPTO are now headed by the "Commissioner for Trademarks." Under section 4741(b) of the PTOEA, any reference to the Commissioner of Patents and Trademarks, the Assistant Commissioner for Patents, or the Assistant Commissioner for Trademarks is deemed to refer to the Director, the Commissioner for Patents, or the Commissioner for Trademarks, respectively. See "Reestablishment of the Patent and Trademark Office as the United States Patent and Trademark Office" published in the *Federal Register* at 65 FR 17858 (Apr. 5, 2000), and in the *Official Gazette of the United States Patent and Trademark Office* at 1234 O.G. 41 (May 9, 2000).

Additions to the text of the Manual are indicated by arrows (><) inserted in the text. Deletions are indicated by a single asterisk (*) where a single word was deleted and by two asterisks (**) where more than one word was deleted. The use of three or five asterisks in the body of the laws, rules, treaties, and administrative instructions indicates a portion of the law, rule, treaty, or administrative instruction which was not reproduced.

First Edition, November 1949
Second Edition, November 1953
Third Edition, November 1961
Fourth Edition, June 1979
Fifth Edition, August 1983
Sixth Edition, January 1995
Seventh Edition, July 1998
Eighth Edition, August 2001
  Revision 1, February 2003
  Revision 2, May 2004
  Revision 3, August 2005
  Revision 4, October 2005
  Revision 5, August 2006
  Revision 6, September 2007

# Chapter 700 Examination of Applications

| | |
|---|---|
| 701 | Statutory Authority for Examination |
| 702 | Requisites of the Application |
| 702.01 | Obviously Informal Cases |
| 703 | "General Information Concerning Patents" |
| 704 | Search and Requirements for Information |
| 704.01 | Search |
| 704.10 | Requirements for Information |
| 704.11 | What Information May Be Required |
| 704.11(a) | Examples of Information Reasonably Required |
| 704.11(b) | When May a Requirement for Information Be Made |
| 704.12 | Replies to a Requirement for Information |
| 704.12(a) | Relationship of Requirement for Information to Duty of Disclosure |
| 704.12(b) | What Constitutes a Complete Reply |
| 704.12(c) | Treatment of an Incomplete Reply |
| 704.13 | Time Periods for Reply |
| 704.14 | Making a Requirement for Information |
| 704.14(a) | Format of the Requirement |
| 704.14(b) | Examiner's Obligation Following Applicant's Reply |
| 704.14(c) | Petitions to Requirements Under 37 CFR 1.105 |
| 704.14(d) | Relationship to Information Disclosure Statements |
| 705 | Patentability Reports |
| 705.01 | Instructions re Patentability Reports |
| 705.01(a) | Nature of P.R., Its Use and Disposal |
| 705.01(b) | Sequence of Examination |
| 705.01(c) | Counting and Recording P.R.s |
| 705.01(d) | Duplicate Prints of Drawings |
| 705.01(e) | Limitation as to Use |
| 705.01(f) | Interviews With Applicants |
| 706 | Rejection of Claims |
| 706.01 | Contrasted With Objections |
| 706.02 | Rejection on Prior Art |
| 706.02(a) | Rejections Under 35 U.S.C. 102(a), (b), or (e); Printed Publication or Patent |
| 706.02(b) | Overcoming a 35 U.S.C. 102 Rejection Based on a Printed Publication or Patent |
| 706.02(c) | Rejections Under 35 U.S.C. 102(a) or (b); Knowledge by Others or Public Use or Sale |
| 706.02(d) | Rejections Under 35 U.S.C. 102(c) |
| 706.02(e) | Rejections Under 35 U.S.C. 102(d) |
| 706.02(f) | Rejections Under 35 U.S.C. 102(e) |
| 706.02(f)(1) | Examination Guidelines for Applying References Under 35 U.S.C. 102(e) |
| 706.02(f)(2) | Provisional Rejections Under 35 U.S.C. 102(e); Reference Is a Copending U.S. Patent Application |
| 706.02(g) | Rejections Under 35 U.S.C. 102(f) |
| 706.02(h) | Rejections Under 35 U.S.C. 102(g) |
| 706.02(i) | Form Paragraphs for Use in Rejections Under 35 U.S.C. 102 |
| 706.02(j) | Contents of a 35 U.S.C. 103 Rejection |
| 706.02(k) | Provisional Rejection (Obviousness) Under 35 U.S.C. *103 >Using Provisional Prior Art Under 35 U.S.C. 102(e)< |
| 706.02(l) | Rejections Under 35 U.S.C. 103(a) Using Prior Art Under Only 35 U.S.C. 102(e), (f), or (g) |
| 706.02(l)(1) | Rejections Under 35 U.S.C. 103(a) Using Prior Art Under 35 U.S.C. 102(e), (f), or (g); Prior Art Disqualification Under 35 U.S.C. 103(c) |
| 706.02(l)(2) | Establishing Common Ownership or Joint Research Agreement |
| 706.02(l)(3) | Examination Procedure with Respect to 35 U.S.C. 103(c) |
| 706.02(m) | Form Paragraphs for Use in Rejections Under 35 U.S.C. 103 |
| 706.02(n) | Biotechnology Process Applications; 35 U.S.C. 103(b) |
| 706.03 | Rejections Not Based on Prior Art |
| 706.03(a) | Rejections Under 35 U.S.C. 101 |
| 706.03(b) | Barred by Atomic Energy Act |
| 706.03(c) | Rejections Under 35 U.S.C. 112, First Paragraph |
| 706.03(d) | Rejections Under 35 U.S.C. 112, Second Paragraph |
| 706.03(k) | Duplicate Claims |
| 706.03(m) | Nonelected Inventions |
| 706.03(o) | New Matter |
| 706.03(s) | Foreign Filing Without License |
| 706.03(u) | Disclaimer |
| 706.03(v) | After Interference or Public Use Proceeding |
| 706.03(w) | *Res Judicata* |
| 706.03(x) | Reissue |
| 706.04 | Rejection of Previously Allowed Claims |
| 706.05 | Rejection After Allowance of Application |
| 706.06 | Rejection of Claims Copied From Patent |
| 706.07 | Final Rejection |
| 706.07(a) | Final Rejection, When Proper on Second Action |
| 706.07(b) | Final Rejection, When Proper on First Action |
| 706.07(c) | Final Rejection, Premature |
| 706.07(d) | Final Rejection, Withdrawal of, Premature |
| 706.07(e) | Withdrawal of Final Rejection, General |
| 706.07(f) | Time for Reply to Final Rejection |
| 706.07(g) | Transitional After-Final Practice |
| 706.07(h) | Request for Continued Examination (RCE) Practice |

MANUAL OF PATENT EXAMINING PROCEDURE

| | | | |
|---|---|---|---|
| 707 | **Examiner's Letter or Action** | 710.02(b) | Shortened Statutory Period: Situations in Which Used |
| 707.01 | Primary Examiner Indicates Action for New Assistant | 710.02(c) | Specified Time Limits: Situations In Which Used |
| 707.02 | Applications Up for Third Action and 5-Year Applications | 710.02(d) | Difference Between Shortened Statutory Periods for Reply and Specified Time Limits |
| 707.05 | Citation of References | 710.02(e) | Extension of Time |
| 707.05(a) | Copies of Cited References | 710.04 | Two Periods Running |
| 707.05(b) | Citation of Related Art and Information by Applicants | 710.04(a) | Copying Patent Claims |
| 707.05(c) | Order of Listing | 710.05 | Period Ending on Saturday, Sunday, or a Federal Holiday |
| 707.05(d) | Reference Cited in Subsequent Actions | 710.06 | Situations When Reply Period Is Reset or Restarted |
| 707.05(e) | Data Used in Citing References | | |
| 707.05(f) | Effective Dates of Declassified Printed Matter | **711** | **Abandonment of Patent Application** |
| 707.05(g) | Incorrect Citation of References | 711.01 | Express or Formal Abandonment |
| 707.06 | Citation of Decisions, Orders Memorandums, and Notices | 711.02 | Failure To Take Required Action During Statutory Period |
| 707.07 | Completeness and Clarity of Examiner's Action | 711.02(a) | Insufficiency of Reply |
| 707.07(a) | Complete Action on Formal Matters | 711.02(b) | Special Situations Involving Abandonment |
| 707.07(b) | Requiring New Oath | 711.02(c) | Termination of Proceedings |
| 707.07(c) | Draftsperson's Requirement | 711.03 | Reconsideration of Holding of Abandonment; Revival |
| 707.07(d) | Language To Be Used In Rejecting Claims | | |
| 707.07(e) | Note All Outstanding Requirements | 711.03(a) | Holding Based on Insufficiency of Reply |
| 707.07(f) | Answer All Material Traversed | 711.03(b) | Holding Based on Failure To Reply Within Period |
| 707.07(g) | Piecemeal Examination | | |
| 707.07(h) | Notify of Inaccuracies in Amendment | 711.03(c) | Petitions Relating to Abandonment |
| 707.07(i) | Each Claim To Be Mentioned in Each Office Action | 711.03(d) | Examiner's Statement on Petition To Set Aside Examiner's Holding |
| 707.07(j) | State When Claims Are Allowable | 711.04 | Public Access to Abandoned Applications |
| 707.07(k) | Numbering Paragraphs | 711.04(a) | Pulling and Forwarding Abandoned Applications |
| 707.07(l) | Comment on Examples | | |
| 707.08 | Reviewing and Initialing by Assistant Examiner | 711.04(b) | Ordering of Patented and Abandoned Files |
| | | 711.04(c) | Notifying Applicants of Abandonment |
| 707.09 | Signing by Primary or Other Authorized Examiner | 711.05 | Letter of Abandonment Received After Application is Allowed |
| 707.10 | Entry | 711.06 | Abstracts, Abbreviatures, and Defensive Publications |
| 707.11 | Date | | |
| 707.12 | Mailing | 711.06(a) | Citation and Use of Abstracts, Abbreviatures, and Defensive Publications as References |
| 707.13 | Returned Office Action | | |
| **708** | **Order of Examination** | **713** | **Interviews** |
| 708.01 | List of Special Cases | 713.01 | General Policy, How Conducted |
| 708.02 | Petition To Make Special | 713.02 | Interviews Prior to First Official Action |
| 708.02(a) | Accelerated Examination | 713.03 | Interview for "Sounding Out" Examiner Not Permitted |
| 708.03 | Examiner Tenders Resignation | | |
| **709** | **Suspension of Action** | 713.04 | Substance of Interview Must Be Made of Record |
| 709.01 | Overlapping Applications by Same Applicant or Owned by Same Assignee | | |
| | | 713.05 | Interviews Prohibited or Granted, Special Situations |
| **710** | **Period for Reply** | | |
| 710.01 | Statutory Period | 713.06 | No Inter Partes Questions Discussed Ex Parte |
| 710.01(a) | Statutory Period, How Computed | 713.07 | Exposure of Other Cases |
| 710.02 | Shortened Statutory Period and Time Limit Actions Computed | 713.08 | Demonstration, Exhibits, Models |

EXAMINATION OF APPLICATIONS

| | | | |
|---|---|---|---|
| 713.09 | Finally Rejected Application | 715.01 | 37 CFR 1.131 Affidavits Versus 37 CFR 1.132 Affidavits |
| 713.10 | Interview Preceding Filing Amendment Under 37 CFR 1.312 | 715.01(a) | Reference Is a Joint Patent or Published Application to Applicant and Another |
| **714** | **Amendments, Applicant's Action** | 715.01(b) | Reference and Application Have Common Assignee |
| 714.01 | Signatures to Amendments | | |
| 714.01(a) | Unsigned or Improperly Signed Amendment | 715.01(c) | Reference Is Publication of Applicant's Own Invention |
| 714.01(c) | Signed by Attorney or Agent Not of Record | | |
| 714.01(d) | Amendment Signed by Applicant but Not by Attorney or Agent of Record | 715.01(d) | Activities Applied Against the Claims |
| | | 715.02 | How Much of the Claimed Invention Must Be Shown, Including the General Rule as to Generic Claims |
| 714.01(e) | Amendments Before First Office Action | | |
| 714.02 | Must Be Fully Responsive | | |
| 714.03 | Amendments Not Fully Responsive, Action To Be Taken | 715.03 | Genus-Species, Practice Relative to Cases Where Predictability Is in Question |
| 714.03(a) | Supplemental Amendment | 715.04 | Who May Make Affidavit or Declaration; Formal Requirements of Affidavits and Declarations |
| 714.04 | Claims Presented in Amendment With No Attempt To Point Out Patentable Novelty | | |
| 714.05 | Examiner Should Immediately Inspect | | |
| 714.06 | Amendments Sent to Wrong Technology Center | 715.05 | U.S. Patent or Application Publication Claiming Same Invention |
| 714.07 | Amendments Not in Permanent Ink | 715.07 | Facts and Documentary Evidence |
| 714.10 | Claims Added in Excess of Claims Previously Paid For | 715.07(a) | Diligence |
| | | 715.07(b) | Interference Testimony Sometimes Used |
| 714.11 | Amendment Filed During Interference Proceedings | 715.07(c) | Acts Relied Upon Must Have Been Carried Out in This Country or a NAFTA or WTO Member Country |
| 714.12 | Amendments and other Replies After Final Rejection or Action | | |
| | | 715.07(d) | Disposition of Exhibits |
| 714.13 | Amendments and other Replies After Final Rejection or Action, Procedure Followed | 715.08 | Passed Upon by Primary Examiner |
| | | 715.09 | Seasonable Presentation |
| 714.14 | Amendments After Allowance of All Claims | 715.10 | Review of Affidavit or Declaration for Evidence of Prior Public Use or Sale or Failure to Disclose Best Mode |
| 714.15 | Amendment Received in Technology Center After Mailing of Notice of Allowance | | |
| 714.16 | Amendment After Notice of Allowance, 37 CFR 1.312 | **716** | **Affidavits or Declarations Traversing Rejections, 37 CFR 1.132** |
| 714.16(a) | Amendments Under 37 CFR 1.312, Copied Patent Claims | 716.01 | Generally Applicable Criteria |
| | | 716.01(a) | Objective Evidence of Nonobviousness |
| 714.16(b) | Amendments Under 37 CFR 1.312 Filed With a Motion Under 37 CFR 41.208 | 716.01(b) | Nexus Requirement and Evidence of Nonobviousness |
| | | 716.01(c) | Probative Value of Objective Evidence |
| 714.16(c) | Amendments Under 37 CFR 1.312, Additional Claims | 716.01(d) | Weighing Objective Evidence |
| | | 716.02 | Allegations of Unexpected Results |
| 714.16(d) | Amendments Under 37 CFR 1.312, Handling | 716.02(a) | Evidence Must Show Unexpected Results |
| 714.16(e) | Amendments Under 37 CFR 1.312, Entry in Part | 716.02(b) | Burden on Applicant |
| | | 716.02(c) | Weighing Evidence of Expected and Unexpected Results |
| 714.17 | Amendment Filed After the Period for Reply Has Expired | | |
| | | 716.02(d) | Unexpected Results Commensurate in Scope With Claimed Invention |
| 714.18 | Entry of Amendments | | |
| 714.19 | List of Amendments, Entry Denied | 716.02(e) | Comparison With Closest Prior Art |
| 714.20 | List of Amendments Entered in Part | 716.02(f) | Advantages Disclosed or Inherent |
| 714.21 | Amendments Inadvertently Entered, No Legal Effect | 716.02(g) | Declaration or Affidavit Form |
| | | 716.03 | Commercial Success |
| 714.25 | Discourtesy of Applicant or Attorney | 716.03(a) | Commercial Success Commensurate in Scope With Claimed Invention |
| **715** | **Swearing Back of Reference — Affidavit or Declaration Under 37 CFR 1.131** | | |

| | |
|---|---|
| 716.03(b) | Commercial Success Derived From Claimed Invention |
| 716.04 | Long-Felt Need and Failure of Others |
| 716.05 | Skepticism of Experts |
| 716.06 | Copying |
| 716.07 | Inoperability of References |
| 716.08 | Utility and Operability of Applicant's Disclosure |
| 716.09 | Sufficiency of Disclosure |
| 716.10 | Attribution |
| 718 | **Affidavit or Declaration to Disqualify Commonly Owned Patent or Published Application as Prior Art, 37 CFR 1.130** |
| 719 | **File Wrapper** |
| 719.01 | Papers in File Wrapper |
| 719.01(a) | Arrangement of Papers in File Wrapper |
| 719.01(b) | Prints |
| 719.02 | Data Entered on File Wrapper |
| 719.02(b) | Name or Residence of Inventor or Title Changed |
| 719.03 | Classification During Examination |
| 719.04 | Index of Claims |
| 719.05 | Field of Search |
| 719.06 | Foreign Filing Dates |
| 719.07 | Related Applications |
| 720 | **Public Use Proceedings** |
| 720.01 | Preliminary Handling |
| 720.02 | Examiner Determination of *Prima Facie* Showing |
| 720.03 | Preliminary Hearing |
| 720.04 | Public Use Proceeding Testimony |
| 720.05 | Final Decision |
| 724 | **Trade Secret, Proprietary, and Protective Order Materials** |
| 724.01 | Completeness of the Patent File Wrapper |
| 724.02 | Method of Submitting Trade Secret, Proprietary, and/or Protective Order Materials |
| 724.03 | Types of Trade Secret, Proprietary, and/or Protective Order Materials Submitted Under MPEP § 724.02 |
| 724.04 | Office Treatment and Handling of Materials Submitted Under MPEP § 724.02 |
| 724.04(a) | Materials Submitted in an Application Covered by 35 U.S.C. 122 |
| 724.04(b) | Materials Submitted in Reissue Applications Open to the Public Under 37 CFR 1.11(b) |
| 724.04(c) | Materials Submitted in Reexamination File Open to the Public Under 37 CFR 1.11(d) |
| 724.05 | Petition To Expunge Information or Copy of Papers in Application File |
| 724.06 | Handling of Petitions to Expunge Information or Copy of Papers in Application File |

## 701  Statutory Authority for Examination

*35 U.S.C. 131. Examination of application.*

The Director shall cause an examination to be made of the application and the alleged new invention; and if on such examination it appears that the applicant is entitled to a patent under the law, the Director shall issue a patent therefor.

The main conditions precedent to the grant of a patent to an applicant are set forth in 35 U.S.C. 101, 102 and 103.

*35 U.S.C. 101. Inventions patentable.*

Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title.

Form paragraph 7.04 copies 35 U.S.C. 101. See MPEP § 706.03(a).

*35 U.S.C. 100. Definitions.*

When used in this title unless the context otherwise indicates -

(a) The term "invention" means invention or discovery.

(b) The term "process" means process, art, or method, and includes a new use of a known process, machine, manufacture, composition of matter, or material.

(c) The terms "United States" and "this country" mean the United States of America, its territories and possessions.

(d) The word "patentee" includes not only the patentee to whom the patent was issued but also the successors in title to the patentee.

(e) The term "third-party requester" means a person requesting ex parte reexamination under section 302 or *inter partes* reexamination under section 311 who is not the patent owner.

## 702  Requisites of the Application [R-3]

When a new application is assigned in the Technology Center, the examiner should review the contents of the application to determine if the application meets the requirements of 35 U.S.C. 111(a). Any matters affecting the filing date or abandonment of the application, such as lack of an oath or declaration, filing fee, or claims should be checked **. For Image File Wrapper (IFW) processing, see IFW Manual sections 3.1 and 3.3.

The examiner should be careful to see that the application meets all the requisites set forth in MPEP Chapter 600 both as to formal matters and as to the completeness and clarity of the disclosure. If all of the requisites are not met, applicant may be called upon

¶ *7.66.05 Reason Why Affidavit or Declaration Under 37 CFR 1.132 Is Insufficient: Conclusion*

In view of the foregoing, when all of the evidence is considered, the totality of the rebuttal evidence of nonobviousness fails to outweigh the evidence of obviousness.

**Examiner Note:**

This form paragraph should be presented as a conclusion to your explanation of why the affidavit or declaration under 37 CFR 1.132 is insufficient, and it must be preceded by form paragraph 7.66.

## 716.01  Generally Applicable Criteria [R-3]

The following criteria are applicable to all evidence traversing rejections submitted by applicants, including affidavits or declarations submitted under 37 CFR 1.132:

(A) *Timeliness.*

Evidence traversing rejections must be timely or seasonably filed to be entered and entitled to consideration. *In re Rothermel,* 276 F.2d 393, 125 USPQ 328 (CCPA 1960).

Affidavits and declarations submitted under 37 CFR 1.132 and other evidence traversing rejections are considered timely if submitted:

(1) prior to a final rejection,

(2) before appeal in an application not having a final rejection, *

(3) after final rejection **>, but before or on the same date of filing an appeal, upon a showing of good and sufficient reasons why the affidavit or other evidence is necessary and was not earlier presented in compliance with 37 CFR 1.116(e); or

(4) after the prosecution is closed (e.g., after a final rejection, after appeal, or after allowance) if applicant files the affidavit or other evidence with a request for continued examination (RCE) under 37 CFR 1.114 in a utility or plant application filed on or after June 8, 1995; or a continued prosecution application (CPA) under 37 CFR 1.53(d) in a design application.

For affidavits or declarations under 37 CFR 1.132 filed after appeal, see 37 CFR 41.33(d) and MPEP § 1206 and § 1211.03.<

(B) *Consideration of evidence.*

Evidence traversing rejections, when timely presented, must be considered by the examiner whenever present. All entered affidavits, declarations, and other evidence traversing rejections are acknowledged and commented upon by the examiner in the next succeeding action. The extent of the commentary depends on the action taken by the examiner. Where an examiner holds that the evidence is sufficient to overcome the *prima facie* case, the comments should be consistent with the guidelines for statements of reasons for allowance. See MPEP § 1302.14. Where the evidence is insufficient to overcome the rejection, the examiner must specifically explain why the evidence is insufficient. General statements such as "the declaration lacks technical validity" or "the evidence is not commensurate with the scope of the claims" without an explanation supporting such findings are insufficient.

## 716.01(a)  Objective Evidence of Nonobviousness [R-2]

**OBJECTIVE EVIDENCE MUST BE CONSIDERED *>WHEN TIMELY< PRESENT**

Affidavits or declarations>, when timely presented,< containing evidence of criticality or unexpected results, commercial success, long-felt but unsolved needs, failure of others, skepticism of experts, etc., must be considered by the examiner in determining the issue of obviousness of claims for patentability under 35 U.S.C. 103. The Court of Appeals for the Federal Circuit stated in *Stratoflex, Inc. v. Aeroquip Corp.,* 713 F.2d 1530, 1538, 218 USPQ 871, 879 (Fed. Cir. 1983) that "evidence rising out of the so-called 'secondary considerations' must always when present be considered en route to a determination of obviousness." Such evidence might give light to circumstances surrounding the origin of the subject matter sought to be patented. As indicia of obviousness or unobviousness, such evidence may have relevancy. *Graham v. John Deere Co.,* 383 U.S. 1, 148 USPQ 459 (1966); *In re Palmer,* 451 F.2d 1100, 172 USPQ 126 (CCPA 1971); *In re Fielder,* 471 F.2d 640, 176 USPQ 300 (CCPA 1973). The *Graham v. John Deere* pronouncements on the relevance of commercial success, etc. to a determination of obviousness were not negated in *Sakraida v. Ag Pro,* 425 U.S. 273, 189 USPQ 449 (1979) or *Anderson's-Black Rock Inc. v. Pavement Salvage Co.,* 396 U.S. 57, 163 USPQ 673 (1969), where reliance was placed upon *A&P Tea Co. v. Supermarket Corp.,* 340 U.S.

**716.01(b)**  MANUAL OF PATENT EXAMINING PROCEDURE

147, 87 USPQ 303 (1950). See *Dann v. Johnston*, 425 U.S. 219, 226 n.4, 189 USPQ 257, 261 n. 4 (1976).

Examiners must consider comparative data in the specification which is intended to illustrate the claimed invention in reaching a conclusion with regard to the obviousness of the claims. *In re Margolis*, 785 F.2d 1029, 228 USPQ 940 (Fed. Cir. 1986). The lack of objective evidence of nonobviousness does not weigh in favor of obviousness. *Miles Labs. Inc. v. Shandon Inc.*, 997 F.2d 870, 878, 27 USPQ2d 1123, 1129 (Fed. Cir. 1993), *cert. denied*, 127 L. Ed. 232 (1994). However, where a *prima facie* case of obviousness is established, the failure to provide rebuttal evidence is dispositive.

### 716.01(b) Nexus Requirement and Evidence of Nonobviousness

**TO BE OF PROBATIVE VALUE, ANY SECONDARY EVIDENCE MUST BE RELATED TO THE CLAIMED INVENTION (NEXUS REQUIRED)**

The weight attached to evidence of secondary considerations by the examiner will depend upon its relevance to the issue of obviousness and the amount and nature of the evidence. Note the great reliance apparently placed on this type of evidence by the Supreme Court in upholding the patent in *United States v. Adams*, 383 U.S. 39, 148 USPQ 479 (1966).

To be given substantial weight in the determination of obviousness or nonobviousness, evidence of secondary considerations must be relevant to the subject matter as claimed, and therefore the examiner must determine whether there is a nexus between the merits of the claimed invention and the evidence of secondary considerations. *Ashland Oil, Inc. v. Delta Resins & Refractories, Inc.*, 776 F.2d 281, 305 n.42, 227 USPQ 657, 673-674 n. 42 (Fed. Cir. 1985), *cert. denied*, 475 U.S. 1017 (1986). The term "nexus" designates a factually and legally sufficient connection between the objective evidence of nonobviousness and the claimed invention so that the evidence is of probative value in the determination of nonobviousness. *Demaco Corp. v. F. Von Langsdorff Licensing Ltd.*, 851 F.2d 1387, 7 USPQ2d 1222 (Fed. Cir.), *cert. denied*, 488 U.S. 956 (1988).

### 716.01(c) Probative Value of Objective Evidence [R-2]

>

**I.  < TO BE OF PROBATIVE VALUE, ANY OBJECTIVE EVIDENCE SHOULD BE SUPPORTED BY ACTUAL PROOF**

Objective evidence which must be factually supported by an appropriate affidavit or declaration to be of probative value includes evidence of unexpected results, commercial success, solution of a long-felt need, inoperability of the prior art, invention before the date of the reference, and allegations that the author(s) of the prior art derived the disclosed subject matter from the applicant. See, for example, *In re De Blauwe*, 736 F.2d 699, 705, 222 USPQ 191, 196 (Fed. Cir. 1984) ("It is well settled that unexpected results must be established by factual evidence." "[A]ppellants have not presented any experimental data showing that prior heat-shrinkable articles split. Due to the absence of tests comparing appellant's heat shrinkable articles with those of the closest prior art, we conclude that appellant's assertions of unexpected results constitute mere argument."). See also *In re Lindner*, 457 F.2d 506, 508, 173 USPQ 356, 358 (CCPA 1972); *Ex parte George*, 21 USPQ2d 1058 (Bd. Pat. App. & Inter. 1991).

>

**II.  < ATTORNEY ARGUMENTS CANNOT TAKE THE PLACE OF EVIDENCE**

The arguments of counsel cannot take the place of evidence in the record. *In re Schulze*, 346 F.2d 600, 602, 145 USPQ 716, 718 (CCPA 1965). Examples of attorney statements which are not evidence and which must be supported by an appropriate affidavit or declaration include statements regarding unexpected results, commercial success, solution of a long-felt need, inoperability of the prior art, invention before the date of the reference, and allegations that the author(s) of the prior art derived the disclosed subject matter from the applicant.