# EXHIBIT H

# Manual of PATENT EXAMINING PROCEDURE

Original Eighth Edition, August 2001
Latest Revision September 2007




U.S. DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

The U.S. Patent and Trademark Office does not handle the sale of the Manual, distribution of notices and revisions, or change of address of those on the subscription list. Correspondence relating to existing subscriptions should be sent to the Superintendent of Documents at the following address:

Superintendent of Documents
Mail List Section
Washington, DC 20402
Telephone: 202-512-2267

Inquiries relating to purchasing the Manual should be directed to:

Superintendent of Documents
United States Government Printing Office
Washington, DC 20402
Telephone: 202-512-1800

Orders for reproduced copies of individual replacement pages or of previous revisions of the Manual should be sent to the following address:

Mail Stop Document Services
Director of the U.S. Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
Telephone: 1-800-972-6382 or 571-272-3150

Previous editions and revisions of the Manual are available on microfilm in the Patent Search Room.
The Manual is available on CD-ROM and on diskette from:

U.S. Patent and Trademark Office
Office of Electronic Information Products
MDW 4C18, P.O. Box 1450
Alexandria, VA 22313-1450
Telephone: 571-272-5600

Employees of the U.S. Patent and Trademark Office should direct their requests for the Manual, replacement pages, notices, and revisions to the Office of Patent Training. Telephone: 571-272-7222

Pursuant to the Patent and Trademark Office Efficiency Act (PTOEA) (Pub. L. 106-113, 113 Stat. 1501A-572), the head of the United States Patent and Trademark Office (USPTO) is the "Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office." The Director is assisted by the "Deputy Under Secretary of Commerce for Intellectual Property and Deputy Director of the United States Patent and Trademark Office." The patent operations of the USPTO are now headed by the "Commissioner for Patents." The trademark operations of the USPTO are now headed by the "Commissioner for Trademarks." Under section 4741(b) of the PTOEA, any reference to the Commissioner of Patents and Trademarks, the Assistant Commissioner for Patents, or the Assistant Commissioner for Trademarks is deemed to refer to the Director, the Commissioner for Patents, or the Commissioner for Trademarks, respectively. See "Reestablishment of the Patent and Trademark Office as the United States Patent and Trademark Office" published in the *Federal Register* at 65 FR 17858 (Apr. 5, 2000), and in the *Official Gazette of the United States Patent and Trademark Office* at 1234 O.G. 41 (May 9, 2000).

Additions to the text of the Manual are indicated by arrows (><) inserted in the text. Deletions are indicated by a single asterisk (*) where a single word was deleted and by two asterisks (**) where more than one word was deleted. The use of three or five asterisks in the body of the laws, rules, treaties, and administrative instructions indicates a portion of the law, rule, treaty, or administrative instruction which was not reproduced.

First Edition, November 1949
Second Edition, November 1953
Third Edition, November 1961
Fourth Edition, June 1979
Fifth Edition, August 1983
Sixth Edition, January 1995
Seventh Edition, July 1998
Eighth Edition, August 2001
Revision 1, February 2003
Revision 2, May 2004
Revision 3, August 2005
Revision 4, October 2005
Revision 5, August 2006
Revision 6, September 2007

# Chapter 700 Examination of Applications


**701 Statutory Authority for Examination**
**702 Requisites of the Application**
702.01 Obviously Informal Cases
**703 "General Information Concerning Patents"**
**704 Search and Requirements for Information**
704.01 Search
704.10 Requirements for Information
704.11 What Information May Be Required
704.11(a) Examples of Information Reasonably Required
704.11(b) When May a Requirement for Information Be Made
704.12 Replies to a Requirement for Information
704.12(a) Relationship of Requirement for Information to Duty of Disclosure
704.12(b) What Constitutes a Complete Reply
704.12(c) Treatment of an Incomplete Reply
704.13 Time Periods for Reply
704.14 Making a Requirement for Information
704.14(a) Format of the Requirement
704.14(b) Examiner's Obligation Following Applicant's Reply
704.14(c) Petitions to Requirements Under 37 CFR 1.105
704.14(d) Relationship to Information Disclosure Statements
**705 Patentability Reports**
705.01 Instructions re Patentability Reports
705.01(a) Nature of P.R., Its Use and Disposal
705.01(b) Sequence of Examination
705.01(c) Counting and Recording P.R.s
705.01(d) Duplicate Prints of Drawings
705.01(e) Limitation as to Use
705.01(f) Interviews With Applicants
**706 Rejection of Claims**
706.01 Contrasted With Objections
706.02 Rejection on Prior Art
706.02(a) Rejections Under 35 U.S.C. 102(a), (b), or (e); Printed Publication or Patent
706.02(b) Overcoming a 35 U.S.C. 102 Rejection Based on a Printed Publication or Patent
706.02(c) Rejections Under 35 U.S.C. 102(a) or (b); Knowledge by Others or Public Use or Sale
706.02(d) Rejections Under 35 U.S.C. 102(c)
706.02(e) Rejections Under 35 U.S.C. 102(d)
706.02(f) Rejections Under 35 U.S.C. 102(e)
706.02(f)(1) Examination Guidelines for Applying References Under 35 U.S.C. 102(e)
706.02(f)(2) Provisional Rejections Under 35 U.S.C. 102(e); Reference Is a Copending U.S. Patent Application
706.02(g) Rejections Under 35 U.S.C. 102(f)
706.02(h) Rejections Under 35 U.S.C. 102(g)
706.02(i) Form Paragraphs for Use in Rejections Under 35 U.S.C. 102
706.02(j) Contents of a 35 U.S.C. 103 Rejection
706.02(k) Provisional Rejection (Obviousness) Under 35 U.S.C. *103 >Using Provisional Prior Art Under 35 U.S.C. 102(e)<
706.02(l) Rejections Under 35 U.S.C. 103(a) Using Prior Art Under Only 35 U.S.C. 102(e), (f), or (g)
706.02(l)(1) Rejections Under 35 U.S.C. 103(a) Using Prior Art Under 35 U.S.C. 102(e), (f), or (g); Prior Art Disqualification Under 35 U.S.C. 103(c)
706.02(l)(2) Establishing Common Ownership or Joint Research Agreement
706.02(l)(3) Examination Procedure with Respect to 35 U.S.C. 103(c)
706.02(m) Form Paragraphs for Use in Rejections Under 35 U.S.C. 103
706.02(n) Biotechnology Process Applications; 35 U.S.C. 103(b)
706.03 Rejections Not Based on Prior Art
706.03(a) Rejections Under 35 U.S.C. 101
706.03(b) Barred by Atomic Energy Act
706.03(c) Rejections Under 35 U.S.C. 112, First Paragraph
706.03(d) Rejections Under 35 U.S.C. 112, Second Paragraph
706.03(k) Duplicate Claims
706.03(m) Nonelected Inventions
706.03(o) New Matter
706.03(s) Foreign Filing Without License
706.03(u) Disclaimer
706.03(v) After Interference or Public Use Proceeding
706.03(w) *Res Judicata*
706.03(x) Reissue
706.04 Rejection of Previously Allowed Claims
706.05 Rejection After Allowance of Application
706.06 Rejection of Claims Copied From Patent
706.07 Final Rejection
706.07(a) Final Rejection, When Proper on Second Action
706.07(b) Final Rejection, When Proper on First Action
706.07(c) Final Rejection, Premature
706.07(d) Final Rejection, Withdrawal of, Premature
706.07(e) Withdrawal of Final Rejection, General
706.07(f) Time for Reply to Final Rejection
706.07(g) Transitional After-Final Practice
706.07(h) Request for Continued Examination (RCE) Practice

**707 Examiner's Letter or Action**
707.01 Primary Examiner Indicates Action for New Assistant
707.02 Applications Up for Third Action and 5-Year Applications
707.05 Citation of References
707.05(a) Copies of Cited References
707.05(b) Citation of Related Art and Information by Applicants
707.05(c) Order of Listing
707.05(d) Reference Cited in Subsequent Actions
707.05(e) Data Used in Citing References
707.05(f) Effective Dates of Declassified Printed Matter
707.05(g) Incorrect Citation of References
707.06 Citation of Decisions, Orders Memorandums, and Notices
707.07 Completeness and Clarity of Examiner's Action
707.07(a) Complete Action on Formal Matters
707.07(b) Requiring New Oath
707.07(c) Draftsperson's Requirement
707.07(d) Language To Be Used In Rejecting Claims
707.07(e) Note All Outstanding Requirements
707.07(f) Answer All Material Traversed
707.07(g) Piecemeal Examination
707.07(h) Notify of Inaccuracies in Amendment
707.07(i) Each Claim To Be Mentioned in Each Office Action
707.07(j) State When Claims Are Allowable
707.07(k) Numbering Paragraphs
707.07(l) Comment on Examples
707.08 Reviewing and Initialing by Assistant Examiner
707.09 Signing by Primary or Other Authorized Examiner
707.10 Entry
707.11 Date
707.12 Mailing
707.13 Returned Office Action
**708 Order of Examination**
708.01 List of Special Cases
708.02 Petition To Make Special
708.02(a) Accelerated Examination
708.03 Examiner Tenders Resignation
**709 Suspension of Action**
709.01 Overlapping Applications by Same Applicant or Owned by Same Assignee
**710 Period for Reply**
710.01 Statutory Period
710.01(a) Statutory Period, How Computed
710.02 Shortened Statutory Period and Time Limit Actions Computed
710.02(b) Shortened Statutory Period: Situations in Which Used
710.02(c) Specified Time Limits: Situations In Which Used
710.02(d) Difference Between Shortened Statutory Periods for Reply and Specified Time Limits
710.02(e) Extension of Time
710.04 Two Periods Running
710.04(a) Copying Patent Claims
710.05 Period Ending on Saturday, Sunday, or a Federal Holiday
710.06 Situations When Reply Period Is Reset or Restarted
**711 Abandonment of Patent Application**
711.01 Express or Formal Abandonment
711.02 Failure To Take Required Action During Statutory Period
711.02(a) Insufficiency of Reply
711.02(b) Special Situations Involving Abandonment
711.02(c) Termination of Proceedings
711.03 Reconsideration of Holding of Abandonment; Revival
711.03(a) Holding Based on Insufficiency of Reply
711.03(b) Holding Based on Failure To Reply Within Period
711.03(c) Petitions Relating to Abandonment
711.03(d) Examiner's Statement on Petition To Set Aside Examiner's Holding
711.04 Public Access to Abandoned Applications
711.04(a) Pulling and Forwarding Abandoned Applications
711.04(b) Ordering of Patented and Abandoned Files
711.04(c) Notifying Applicants of Abandonment
711.05 Letter of Abandonment Received After Application is Allowed
711.06 Abstracts, Abbreviatures, and Defensive Publications
711.06(a) Citation and Use of Abstracts, Abbreviatures, and Defensive Publications as References
**713 Interviews**
713.01 General Policy, How Conducted
713.02 Interviews Prior to First Official Action
713.03 Interview for "Sounding Out" Examiner Not Permitted
713.04 Substance of Interview Must Be Made of Record
713.05 Interviews Prohibited or Granted, Special Situations
713.06 No Inter Partes Questions Discussed Ex Parte
713.07 Exposure of Other Cases
713.08 Demonstration, Exhibits, Models

713.09 Finally Rejected Application
713.10 Interview Preceding Filing Amendment Under 37 CFR 1.312
**714 Amendments, Applicant's Action**
714.01 Signatures to Amendments
714.01(a) Unsigned or Improperly Signed Amendment
714.01(c) Signed by Attorney or Agent Not of Record
714.01(d) Amendment Signed by Applicant but Not by Attorney or Agent of Record
714.01(e) Amendments Before First Office Action
714.02 Must Be Fully Responsive
714.03 Amendments Not Fully Responsive, Action To Be Taken
714.03(a) Supplemental Amendment
714.04 Claims Presented in Amendment With No Attempt To Point Out Patentable Novelty
714.05 Examiner Should Immediately Inspect
714.06 Amendments Sent to Wrong Technology Center
714.07 Amendments Not in Permanent Ink
714.10 Claims Added in Excess of Claims Previously Paid For
714.11 Amendment Filed During Interference Proceedings
714.12 Amendments and other Replies After Final Rejection or Action
714.13 Amendments and other Replies After Final Rejection or Action, Procedure Followed
714.14 Amendments After Allowance of All Claims
714.15 Amendment Received in Technology Center After Mailing of Notice of Allowance
714.16 Amendment After Notice of Allowance, 37 CFR 1.312
714.16(a) Amendments Under 37 CFR 1.312, Copied Patent Claims
714.16(b) Amendments Under 37 CFR 1.312 Filed With a Motion Under 37 CFR 41.208
714.16(c) Amendments Under 37 CFR 1.312, Additional Claims
714.16(d) Amendments Under 37 CFR 1.312, Handling
714.16(e) Amendments Under 37 CFR 1.312, Entry in Part
714.17 Amendment Filed After the Period for Reply Has Expired
714.18 Entry of Amendments
714.19 List of Amendments, Entry Denied
714.20 List of Amendments Entered in Part
714.21 Amendments Inadvertently Entered, No Legal Effect
714.25 Discourtesy of Applicant or Attorney
**715 Swearing Back of Reference — Affidavit or Declaration Under 37 CFR 1.131**
715.01 37 CFR 1.131 Affidavits Versus 37 CFR 1.132 Affidavits
715.01(a) Reference Is a Joint Patent or Published Application to Applicant and Another
715.01(b) Reference and Application Have Common Assignee
715.01(c) Reference Is Publication of Applicant's Own Invention
715.01(d) Activities Applied Against the Claims
715.02 How Much of the Claimed Invention Must Be Shown, Including the General Rule as to Generic Claims
715.03 Genus-Species, Practice Relative to Cases Where Predictability Is in Question
715.04 Who May Make Affidavit or Declaration; Formal Requirements of Affidavits and Declarations
715.05 U.S. Patent or Application Publication Claiming Same Invention
715.07 Facts and Documentary Evidence
715.07(a) Diligence
715.07(b) Interference Testimony Sometimes Used
715.07(c) Acts Relied Upon Must Have Been Carried Out in This Country or a NAFTA or WTO Member Country
715.07(d) Disposition of Exhibits
715.08 Passed Upon by Primary Examiner
715.09 Seasonable Presentation
715.10 Review of Affidavit or Declaration for Evidence of Prior Public Use or Sale or Failure to Disclose Best Mode
**716 Affidavits or Declarations Traversing Rejections, 37 CFR 1.132**
716.01 Generally Applicable Criteria
716.01(a) Objective Evidence of Nonobviousness
716.01(b) Nexus Requirement and Evidence of Nonobviousness
716.01(c) Probative Value of Objective Evidence
716.01(d) Weighing Objective Evidence
716.02 Allegations of Unexpected Results
716.02(a) Evidence Must Show Unexpected Results
716.02(b) Burden on Applicant
716.02(c) Weighing Evidence of Expected and Unexpected Results
716.02(d) Unexpected Results Commensurate in Scope With Claimed Invention
716.02(e) Comparison With Closest Prior Art
716.02(f) Advantages Disclosed or Inherent
716.02(g) Declaration or Affidavit Form
716.03 Commercial Success
716.03(a) Commercial Success Commensurate in Scope With Claimed Invention

716.03(b) Commercial Success Derived From Claimed Invention
716.04 Long-Felt Need and Failure of Others
716.05 Skepticism of Experts
716.06 Copying
716.07 Inoperability of References
716.08 Utility and Operability of Applicant's Disclosure
716.09 Sufficiency of Disclosure
716.10 Attribution
**718 Affidavit or Declaration to Disqualify Commonly Owned Patent or Published Application as Prior Art, 37 CFR 1.130**
**719 File Wrapper**
719.01 Papers in File Wrapper
719.01(a) Arrangement of Papers in File Wrapper
719.01(b) Prints
719.02 Data Entered on File Wrapper
719.02(b) Name or Residence of Inventor or Title Changed
719.03 Classification During Examination
719.04 Index of Claims
719.05 Field of Search
719.06 Foreign Filing Dates
719.07 Related Applications
**720 Public Use Proceedings**
720.01 Preliminary Handling
720.02 Examiner Determination of *Prima Facie* Showing
720.03 Preliminary Hearing
720.04 Public Use Proceeding Testimony
720.05 Final Decision
**724 Trade Secret, Proprietary, and Protective Order Materials**
724.01 Completeness of the Patent File Wrapper
724.02 Method of Submitting Trade Secret, Proprietary, and/or Protective Order Materials
724.03 Types of Trade Secret, Proprietary, and/or Protective Order Materials Submitted Under MPEP § 724.02
724.04 Office Treatment and Handling of Materials Submitted Under MPEP § 724.02
724.04(a) Materials Submitted in an Application Covered by 35 U.S.C. 122
724.04(b) Materials Submitted in Reissue Applications Open to the Public Under 37 CFR 1.11(b)
724.04(c) Materials Submitted in Reexamination File, Open to the Public Under 37 CFR 1.11(d)
724.05 Petition To Expunge Information or Copy of Papers in Application File
724.06 Handling of Petitions to Expunge Information or Copy of Papers in Application File

## 701 Statutory Authority for Examination

*35 U.S.C. 131. Examination of application.*

The Director shall cause an examination to be made of the application and the alleged new invention; and if on such examination it appears that the applicant is entitled to a patent under the law, the Director shall issue a patent therefor.

The main conditions precedent to the grant of a patent to an applicant are set forth in 35 U.S.C. 101, 102 and 103.

*35 U.S.C. 101. Inventions patentable.*

Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title.

Form paragraph 7.04 copies 35 U.S.C. 101. See MPEP § 706.03(a).

*35 U.S.C. 100. Definitions.*

When used in this title unless the context otherwise indicates -

(a) The term "invention" means invention or discovery.

(b) The term "process" means process, art, or method, and includes a new use of a known process, machine, manufacture, composition of matter, or material.

(c) The terms "United States" and "this country" mean the United States of America, its territories and possessions.

(d) The word "patentee" includes not only the patentee to whom the patent was issued but also the successors in title to the patentee.

(e) The term "third-party requester" means a person requesting ex parte reexamination under section 302 or *inter partes* reexamination under section 311 who is not the patent owner.

## 702 Requisites of the Application [R-3]

When a new application is assigned in the Technology Center, the examiner should review the contents of the application to determine if the application meets the requirements of 35 U.S.C. 111(a). Any matters affecting the filing date or abandonment of the application, such as lack of an oath or declaration, filing fee, or claims should be checked **. For Image File Wrapper (IFW) processing, see IFW Manual sections 3.1 and 3.3.

The examiner should be careful to see that the application meets all the requisites set forth in MPEP Chapter 600 both as to formal matters and as to the completeness and clarity of the disclosure. If all of the requisites are not met, applicant may be called upon

tive effectiveness over all compounds of the closest prior art. An applicant does not have to test all the compounds taught by each reference, "[h]owever, where an applicant tests less than all cited compounds, *the test must be sufficient to permit a conclusion respecting the relative effectiveness of applicant's claimed compounds and the compounds of the closest prior art.*" *Id.* (quoting *In re Payne*, 606 F.2d 303, 316, 203 USPQ 245, 256 (CCPA 1979)) (emphasis in original).).

>

### III. < THE CLAIMED INVENTION MAY BE COMPARED WITH THE CLOSEST SUBJECT MATTER THAT EXISTS IN THE PRIOR ART

Although evidence of unexpected results must compare the claimed invention with the closest prior art, applicant is not required to compare the claimed invention with subject matter that does not exist in the prior art. *In re Geiger*, 815 F.2d 686, 689, 2 USPQ2d 1276, 1279 (Fed. Cir. 1987) (Newman, J., concurring) (Evidence rebutted *prima facie* case by comparing claimed invention with the most relevant prior art. Note that the majority held the Office failed to establish a *prima facie* case of obviousness.); *In re Chapman*, 357 F.2d 418, 148 USPQ 711 (CCPA 1966) (Requiring applicant to compare claimed invention with polymer suggested by the combination of references relied upon in the rejection of the claimed invention under 35 U.S.C. 103 "would be requiring comparison of the results of the invention with the results of the invention." 357 F.2d at 422, 148 USPQ at 714.).

## 716.02(f) Advantages Disclosed or Inherent

The totality of the record must be considered when determining whether a claimed invention would have been obvious to one of ordinary skill in the art at the time the invention was made. Therefore, evidence and arguments directed to advantages not disclosed in the specification cannot be disregarded. *In re Chu*, 66 F.3d 292, 298-99, 36 USPQ2d 1089, 1094-95 (Fed. Cir. 1995) (Although the purported advantage of placement of a selective catalytic reduction catalyst in the bag retainer of an apparatus for controlling emissions was not disclosed in the specification, evidence and arguments rebutting the conclusion that such placement was a matter of "design choice" should have been considered as part of the totality of the record. "We have found no cases supporting the position that a patent applicant's evidence or arguments traversing a § 103 rejection must be contained within the specification. There is no logical support for such a proposition as well, given that obviousness is determined by the totality of the record including, in some instances most significantly, the evidence and arguments proffered during the give-and-take of *ex parte* patent prosecution." 66 F.3d at 299, 36 USPQ2d at 1095.). See also *In re Zenitz*, 333 F.2d 924, 928, 142 USPQ 158, 161 (CCPA 1964) (evidence that claimed compound minimized side effects of hypotensive activity must be considered because this undisclosed property would inherently flow from disclosed use as tranquilizer); *Ex parte Sasajima*, 212 USPQ 103, 104 - 05 (Bd. App. 1981) (evidence relating to initially undisclosed relative toxicity of claimed pharmaceutical compound must be considered).

The specification need not disclose proportions or values as critical for applicants to present evidence showing the proportions or values to be critical. *In re Saunders*, 444 F.2d 599, 607, 170 USPQ 213, 220 (CCPA 1971).

## 716.02(g) Declaration or Affidavit Form

"The reason for requiring evidence in declaration or affidavit form is to obtain the assurances that any statements or representations made are correct, as provided by 35 U.S.C. 25 and 18 U.S.C. 1001." Permitting a publication to substitute for expert testimony would circumvent the guarantees built into the statute. *Ex parte Gray*, 10 USPQ2d 1922, 1928 (Bd. Pat. App. & Inter. 1989). Publications may, however, be evidence of the facts in issue and should be considered to the extent that they are probative.